**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4394**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

PAUL EDWARD NOBLES,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:06-cr-00244-JAB)

─────────────

Submitted:  November 30, 2007      Decided:  December 13, 2007

─────────────

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Frank Joseph Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Edward Nobles appeals from his conviction by a jury of bank robbery, 18 U.S.C. §§ 2, 2113(a) (2000), bank robbery with a dangerous weapon, 18 U.S.C. §§ 2, 2113(d) (2000), using and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c) (2000); and possession of an unregistered firearm, 26 U.S.C. §§ 5861(d), 5871 (2000).

The evidence presented at Nobles' trial, viewed in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), was as follows. On June 13, 2006, Nobles and Steven Lamonds entered the Lexington State Bank in Davidson County, North Carolina, wearing t-shirts over their heads. Lamonds was holding a sawed-off shotgun; Nobles carried a blue bag. While Lamonds held the gun aimed at them, two of the tellers entered the vault, one carrying the blue bag handed to her by Nobles. The teller managed to include a dye pack in with the money she placed in the blue bag. Lamonds and Nobles left the bank with $190,940 in the blue bag and escaped in a pickup truck. The men were apprehended a short time later.

The jury found Nobles guilty of all four counts of the indictment and the district court sentenced him to a total of 177 months imprisonment. Nobles' sole argument on appeal is that the evidence was insufficient to prove that he "wilfully" participated

in the robbery or firearms offenses because, as he testified at trial, he was acting under duress.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Where the evidence supports differing reasonable interpretations, the jury decides which interpretation to credit. Wilson, 118 F.3d at 234.

- 3 -

Nobles' challenge to the sufficiency of the evidence is predicated entirely on his contention that the jury should have credited his testimony that he acted under duress. However, whether to credit Nobles' version of events was entirely within the jury's province, and such credibility determinations will not be reviewed on appeal.

We therefore affirm Nobles' conviction. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED